```
Cardillo & Corbett
Attorneys for Plaintiff
HAVI OCEAN CO. (L.L.C.)
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)
```

08 CV 5091



```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
HAVI OCEAN CO. (L.L.C.),                :
                                        :
                    Plaintiff,          :   ECF
                                        :   VERIFIED COMPLAINT
        -against-                       :
                                        :
DEZANDIS CO., LTD. and                  :
NACHNO CHARTERING LTD.,                 :
                                        :
                    Defendants.         :
----------------------------------------x
```

Plaintiff, HAVI OCEAN CO. (L.L.C.), ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendants, DEZANDIS CO., LTD. ("Dezandis") and NACHNO CHARTERING LTD. ("Nachno") ("Defendants") alleges, upon information and belief as follows:

### JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

2. At all material times to this action Plaintiff was, and still is, a foreign business entity duly organized

and existing under the laws of a foreign country with an address at Office 204, Al Rais Building, Sk. K. Bin Zayed Rd. Opp. Burjuman, P.O. Box 29061, Dubai, U.A.E..

3. At all times material to this action, Dezandis was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at No. 4, Azin Bldg, Azin Alley, Khazar Street, Elahieh Ave., Tehran, Iran, 1914914111.

4. At all times material to this action, Nachno was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at P.O. Box 556, Main Street, Charlestown, Nevis.

<u>DEZANDIS' BREACH OF CONTRACT</u>

5. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-4 of this Complaint as if set forth at length herein.

6. Pursuant to a voyage charter party between Plaintiff, as disponent owner, and Dezandis, as charterer, dated August 19, 2007, the MT HAVI EXPRESS (the "Vessel") carried 12,069.55 metric tons of grade base oil from three loading ports, Bandar Bushehr, Iran, Sharjah Hamryia, UAE, and Khorfakkan, UAE, to Mumbai, India (the "Charter Party").

7. Dezandis exceeded the time allowed under the Charter Party for loading and discharging the cargo by

2

11.9785 days. Under the terms of the Charter Party, Dezandis is liable to Plaintiff for demurrage as a result of its exceeding the time allowed to load and discharge at the rate of $14,000 per day. The total demurrage incurred by Dezandis was $167,699.00.

8. Plaintiff has demanded the demurrage incurred by the Vessel from Dezandis, but Dezandis has failed and refused to pay the outstanding demurrage in the amount of $167,699.00.

## LONDON ARBITRATION

9. The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England. English law is applicable under the Charter Party.

10. Plaintiff has commenced arbitration against Dezandis pursuant to the terms of the Charter Party.

11. Interest, costs and attorney's fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as now be estimated, the following amounts can be expected to be recovered in the action:

| | | |
|---|---|---:|
| A. | On the principal claim: | $167,699.00 |
| B. | Interest at 6.5% for 3 years compounded quarterly: | $35,823.88 |
| C. | Arbitration fees and attorneys' fees: | $40,000.00 |
| | TOTAL: | $243,522.88 |

AS AND FOR PLAINTIFF'S CAUSE
<u>OF ACTION AGAINST DEFENDANT NACHNO</u>

12.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-11 of this Complaint as if set forth at length herein.

13.   At all material times there existed such unity of ownership and interest between Dezandis and Nachno that no separation exists between them, and Nachno is the alter ego of Dezandis in that: (a) Dezandis pays its debts through the instrumentality, front and conduit of Nachno; and (b) the monies, funds, and property purporting to belong to Nachno were and still are intermingled and commingled with the assets of Dezandis.

14.   On or about September 13, 2007, Nachno made a payment to Plaintiff of freight owed by Dezandis to Plaintiff in connection with the Charter Party in the amount of $367,083.65.

15.   Upon information and belief, Nachno has been used by Dezandis to make several other payments to other

creditors of Dezandis in amounts exceeding one million dollars.

16. Nachno has been used by Dezandis to defraud the creditors of Dezandis and other third parties, through the device artifice and subterfuge of interposing Nachno between Dezandis and its creditors and third parties.

17. By reason of the foregoing conduct of Dezandis and Nachno, Plaintiff has sustained damages as described above.

## DEFENDANTS NOT FOUND WITHIN THE DISTRICT

18. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendants.

19. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendants and to secure Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants citing them to appear and answer under oath all and singular the matters alleged in the Complaint.

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications

Co. Ltd. New York Branch, Bank of India, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendants, in the amount of $243,522.88 to secure Plaintiff's claims and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

        C.   That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

        D.   That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:    New York, New York
            June 3, 2008

                              CARDILLO & CORBETT
                              Attorneys for Plaintiff
                              HAVI OCEAN CO. (L.L.C.)

By: _____
     Tulio R. Prieto (TP 8455)

     Office and P.O. Address
     29 Broadway, Suite 1710
     New York, New York 10006
     Tel: (212) 344-0464
     Fax: (212) 797-1212

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

8

behalf of the Plaintiff.

                                              _____
                                                  Tulio R. Prieto

Sworn to this 3rd day
of June, 2008

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011